

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES CHERPES,

               Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

               Defendant-Appellee.

No.   17-35127

D.C. No. 3:15-cv-05891-JRC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted June 8, 2018**
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and HUCK,*** District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

James Cherpes appeals the district court's decision affirming the administrative law judge's (ALJ) decision denying his application for Social Security Disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Substantial evidence supports the ALJ's determination that Cherpes was not credible. Even if some of the reasons the ALJ gives for discounting the claimant's credibility are legally erroneous, the ALJ's credibility determination must still be upheld as long as the ALJ gives a valid reason for making an adverse credibility determination. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). To assess credibility, the ALJ employed the mandatory two-step analysis prescribed in *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Here, the ALJ found Cherpes not credible, because two of Cherpes's examining physicians indicated Cherpes demonstrated "give-way" weakness during testing, indicating Cherpes was not giving full effort. An ALJ can make an adverse credibility determination if the evidence indicates a claimant has failed to give "maximum or consistent effort" during a physical examination. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Therefore, the ALJ gave at least one sufficient justification for finding Cherpes not credible.

2. The ALJ did not err in evaluating the medical evidence in the record.[1]

The ALJ did not err in giving little weight to the restrictions listed in the February 2011 evaluation form, because "when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ did not err in giving little weight to the evaluation forms completed by Dr. Landino in 2012 and 2013, because they were based on examinations that occurred more than a year after Cherpes's date last insured. *See Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ did not err in evaluating Dr. Santoro's medical opinion; the residual functional capacity (RFC) is consistent with the limitations identified by Dr. Santoro and the ALJ did not err in crediting Dr. Santoro's March 2011 report over his September 2011 report, because it was closer in time to Cherpes's date last insured. *See id.* Because Cherpes failed to "specifically and distinctly" present argument regarding Dr.

---

[1] Cherpes has waived any claim that the magistrate judge erred in determining he waived certain arguments in his briefing before the lower court. The magistrate judge determined that Cherpes had raised only certain issues with specificity in his briefing and concluded that any other arguments were waived. Cherpes did not challenge that determination in his opening brief on appeal. "[W]e will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Consequently, we will not examine whether the magistrate judge's decision regarding waiver was error. *Id.*

Arntz's medical opinion in his opening brief, any argument regarding the ALJ's evaluation of Dr. Arntz's opinion is waived. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). The ALJ did not err in evaluating the medical opinion of Dr. Kurland, because the RFC is consistent with Dr. Kurland's opinion and the ALJ acknowledged that Dr. Kurland's opinion related to "use of [Cherpes's] left arm." Finally, the ALJ did not err in evaluating Dr. Kaspar's medical opinion, because other evidence in the record contradicted Dr. Kaspar's opinion, including Cherpes's own testimony that he had no problem getting along with the general public.

3.      The ALJ erred in failing to discuss the lay opinion of DT North. However, the error was harmless. In conducting the harmless error inquiry, "we must consider whether the ALJ's failure to discuss the [evidence] was inconsequential to the ultimate nondisability determination in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quotation marks omitted).

Here, the ALJ rejected the medical evidence from 2012 and 2013, because it was based on examinations occurring more than a year after Cherpes's date last insured but failed to discuss why it rejected the lay opinion of Mr. North. **ER 23-24.** Because Mr. North's opinion was based on his observations in 2013, the ALJ's justification for rejecting the medical evidence from that time period applies with

4

equal force to Mr. North's lay opinion. Consequently, any error in failing to discuss Mr. North's opinion was harmless. *See id.*

**AFFIRMED.**